OPINION
SMITH, Circuit Judge.
Charles Moore pleaded guilty to a one count information that charged him with tax evasion, in violation of 26 U.S.C. § 7201. The Sentencing Guidelines recommended a sentence that included an 18-to 24-month term of imprisonment. The District Court, however, sentenced Moore to a below-Guidelines sentence of 5 years of probation, a $25,000 fíne, and $100 special assessment. The Government filed a timely appeal challenging the reasonableness of Moore’s sentence. We will affirm.
I.
Inasmuch as we write primarily for the parties, who are familiar with this case, we need not recite additional factual or procedural background.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the Government’s appeal under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. We first review Moore’s sentence for significant procedural error, then for substantive reasonableness. United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc). At both stages, we apply the abuse of discretion standard. Id. “[A]n abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion.” Id. at 567-68.
II.
A. Procedural Error
The Government claims that the District Court based its sentence on two clearly erroneous factual findings: 1) Moore’s “law abiding lifestyle throughout [his] life except for the tax offense” (J.A. 35);[1] and 2) Moore’s “full[ ] cooperation]” with the Government’s investigatory efforts into the amount of his own tax evasion and other potential tax evaders (J.A. 37). “A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. Wise, 515 F.3d 207, 218 (3d Cir.2008) (internal quotations and citation omitted). After carefully reviewing the record, we are left without such a conviction.
First, the Government asserts that Moore committed various other crimes to further his tax evasion, such as using false Social Security numbers and titling real estate and vehicles in names other than his own. But the Government has offered no evidence that Moore engaged in any significant criminal conduct that was unrelated to his tax evasion. Absent such a showing, we cannot say that it was clearly erroneous for the District Court to conclude that Moore led an otherwise law-abiding life aside from evading taxes.
Second, the Government cites Moore’s continued failure to file certain tax forms, failure to correct incomplete or inaccurate information contained in other forms, and inability to provide complete and accurate identification information for other poten *769 tial tax evaders as evidence that Moore did not fully cooperate with the Government. The Government, however, ignores the litany of evidence before the District Court that supports a conclusion that Moore cooperated fully. At sentencing, the Government readily admitted that Moore’s cooperation saved its investigators “six to eight months in investigative time,” which it deemed “significant.” (J.A. 30.) The Government also pointed out that Moore disclosed that he had about $700,000 in a commercial credit card account that, despite knowing the title of the account, Government investigators “[hjadn’t looked in it yet.” (Id.) According to the Government, this too was “significant.” (Id.) Finally, Moore explained that he gave the Government all the information that he had concerning the other potential tax evaders. Taken as a whole, the evidence of Moore’s cooperation does not leave us with a “definite and firm conviction that a mistake has been committed” here. Wise, 515 F.3d at 218 (internal quotations and citation omitted).
The Government also argues that the District Court failed to acknowledge its arguments at sentencing. But we have held that “[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit ... [n]or must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.” United States v. Cooper, 437 F.3d 324, 329 (3d Cir.2006). Nevertheless, “we certainly always demand more than a rote recitation of the § 3553(a) factors if at sentencing either defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it.” Tomko, 562 F.3d at 567 (internal quotations and citation omitted). Here, far from providing, as the Government claims, “an empty litany of the § 3553(a) factors,” (Appellant’s Br. 29) the District Court addressed the § 3553(a) factors at length, focusing on Moore’s lack of significant criminal history, his upbringing, his serious gambling problem, his ability to always provide for his family, his cooperation with the Government, available sentencing alternatives to imprisonment, and sentencing statistics for other convicted tax criminals. Therefore, the District Court’s explanation was “sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a).” United States v. Levinson, 543 F.3d 190, 196 (3d Cir.2008). Accordingly, the District Court committed no significant procedural error at sentencing.
B. Substantive Reasonableness
The Government’s objection to the substantive reasonableness of Moore’s sentence is essentially a plea for us to weigh the § 3553(a) factors differently than the District Court did. According to the Government, doing so would cause us to arrive at a sentence that includes a term of imprisonment. But on sentencing review, “[w]e do not seek to second guess. Given the widely recognized institutional advantages that district courts have in access to and consideration of evidence, we would be foolish to try.” Levinson, 543 F.3d at 196. Instead, “if the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Tomko, 562 F.3d at 568. Here, based on the comprehensive reasons that the District Court provided, we cannot conclude that the District Court abused its discretion in sentencing Moore to 5 years of probation, a $25,000 fine, and a $100 special assessment. In other words, “the record demonstrates the District Court’s thoughtful attempt to tailor *770 the off-the-rack Guidelines recommendations into a sentence that fits [the defendant] personally.” Id. at 575. Accordingly, we will affirm Moore’s sentence.

. The District Court later stated that Moore "ha[d] been a ... law-abiding citizen throughout [his] life.” (J.A. 37.) We believe it clear from the record that the Court was not making a separate finding of fact with that statement, but was instead referencing its earlier finding that Moore led a law-abiding lifestyle "except for the tax offense.” (J.A. 35.)